# Law Office of
# Baruch C. Cohen, Esq.
A Professional Law Corporation

---

4929 Wilshire Boulevard, Suite 940  
Los Angeles, California 90010-3823  
baruchcohen@baruchcohenesq.com

Telephone: (323) 353-9535

bcc4929@gmail.com

November 21, 2025

**VIA ECF**

Judge Orelia E. Merchant  
Magistrate Judge Cheryl L. Pollak  
United States District Court  
   for the Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re: **Jonathan Benamou v. Adina Miles**  
**USDC # 1:25-cv-02532-OEM-CLP**  
**Plaintiff's Serial Litigation Campaign, Improper Service, and Request for Extension to Respond to OSC**.

Dear Judge Merchant & Judge Pollak:

**Newly-Received OSC Reveals Plaintiff's Second Secret Lawsuit**

I write in response to the Court's Orders to Show Cause of October 27, 2025 and November 12, 2025, which were mailed to me only today and alerted us for the first time to the existence of a second lawsuit filed by Plaintiff Jonathan Benamou.

**Plaintiff Filed a New Lawsuit While Represented Counsel Was Kept in the Dark**

At the outset, the Orders understandably triggered concern because Ms. Miles had already filed an Answer on October 23, 2024 (ECF No. 16), and an Amended Answer on October 28, 2024 (ECF No. 19), in the first-filed action, *Benamou v. Miles*, USDC # 1:24-cv-04592-OEM-CLP (the "Original Case"). Only upon a close rereading of today's OSC did it become apparent that Plaintiff has filed an entirely separate, second lawsuit, the instant action, without notifying counsel, despite knowing that Ms. Miles is represented.

**Plaintiff's Claimed Service Is Demonstrably False, A Classic Litigation Ambush**

A review of the docket in this second action reveals that Plaintiff filed the new complaint on May 2, 2025, and claims he personally served Ms. Miles on July 9, 2025. That claim is unequivocally false. Ms. Miles was in Turkey on July 9, 2025, and therefore could not have been personally served at her Brooklyn residence on that date. Plaintiff never served my office nor made any attempt to notify Ms. Miles' counsel of this new suit. This is classic litigation by ambush.

**Plaintiff Is Attempting to Relitigate Facts Already Judicially Admitted Against Him**

Furthermore, the allegations in the second complaint are not new. They are a direct attempt to relitigate issues already adjudicated in the Original Case, where the Court issued an amend

Report and Recommendation (ECF No. 63) deeming Requests for Admission Nos. 1–33, 35–55, and 68–125 admitted due to Plaintiff's noncompliance.

Among those deemed admissions are the following:

- RFA 42: Plaintiff physically abused his wife, Tehila.
- RFA 43: Plaintiff physically abused Tehila while she was pregnant.
- RFA 44: Plaintiff threatened physical harm to Tehila.
- RFA 46: Plaintiff committed domestic violence against Tehila.
- RFA 85: Plaintiff is a danger to women, and Exhibit 2 — the "Warning! Yoni Benamou is a danger to women" poster — is authentic.
- RFA 117: Plaintiff's own allegations in paragraph 22 of the Original Complaint — claiming Ms. Miles falsely accused him of a jailable offense — are admitted to be false.

Despite these binding judicial admissions, Plaintiff now attempts to re-allege the very conduct he has already admitted as true. His second complaint is therefore not only meritless, but amounts to an overt attempt to rewrite the factual record created in the Original Case.

**Repeatedly Returned Mail Again Undermines Plaintiff's Credibility**

We also note that the Court has already questioned Plaintiff's reliability regarding his mailing address. On August 5, 2024, Your Honor ordered Plaintiff to clarify his address after mail was returned as undeliverable. Yet in this second complaint, all mail to him has again been returned as undeliverable, further undermining the credibility of his representations.

**Plaintiff Has Now Filed Three Federal Actions Against Ms. Miles; A Pattern of Harassment**

Plaintiff has now filed three separate federal lawsuits against Ms. Miles:

- 1:24-cv-02186-OEM-CLP;
- 1:24-cv-04592-OEM-CLP; and
- 1:25-cv-02532-OEM-CLP.

**Plaintiff's Conduct Satisfies Every Element of Vexatious Litigation Under New York Law**

This escalating pattern of duplicative, meritless, and harassing litigation warrants the Court's serious consideration of declaring Plaintiff a vexatious litigant under New York Civil Rights Law § 70 and the Court's inherent authority.

Under 22 NYCRR § 130-1.1, conduct is frivolous where it is (1) wholly without legal merit, (2) undertaken primarily to harass, delay, or injure, or (3) based on false factual assertions. Plaintiff's serial filings satisfy all three categories. He is relitigating issues already adjudicated, ignoring judicial admissions, and weaponizing the court system to punish and burden a defendant he knows is represented.

Although New York has not yet enacted the vexatious-litigant statute proposed in A.6843 (2019), the bill reflects the policy direction authorizing courts to impose prefiling restrictions on abusive litigants. New York courts already exercise this power: when a party repeatedly files meritless claims or misuses the courts to harass others, the Court may impose leave-to-file requirements, dismiss successive actions as frivolous or malicious, and award sanctions including attorney's fees and costs.

Given Plaintiff's repetitive lawsuits, refusal to accept prior rulings, and misuse of judicial resources, the Court should consider: (1) prefiling review for any future action or motion by Plaintiff; (2) sanctions under § 130-1.1; and (3) dismissal of the instant action as frivolous, duplicative, and abusive.

**Defendant Requests a 21-Day Extension Due to the Sabbath and the Late Receipt of the OSC**

Finally, I respectfully advise the Court that today is Friday, and both my client and I are Orthodox Sabbath observers. The Sabbath begins at 4:30 PM, and we cannot draft and file a substantive response today. We therefore respectfully request 21 days from today to file an appropriate motion or responsive pleading in this separate action.

**Conclusion: Plaintiff's Abuse of Process Requires Judicial Intervention**

For the foregoing reasons, including (1) Plaintiff's improper service; (2) his deliberate failure to notify counsel; (3) his attempt to relitigate matters already judicially admitted in the Original Case; and (4) the procedural irregularities surrounding his address and communications, we respectfully request that the Court extend Defendant's time to respond for 21 days, and that no default be entered.

We further reserve all rights to seek appropriate relief, including a motion to dismiss, sanctions for duplicative and vexatious litigation, and any other remedies the Court deems just and proper.

Respectfully,

*Baruch Cohen*

BARUCH C. COHEN
cc:     Robert Garson, Esq., Adina Miles

D:\DATA\DOCS\MILES\BENAMOU\USDC-19.wpd
11/21-10:17am